UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| AVERY CATO, § | |
| *Plaintiff* § | |
| § | |
| v. § | No. 1:23-CV-1029-DII |
| § | |
| JOSEPH BIDEN and HIS § | |
| CAMPAIGN, § | |
| *Defendants* § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DISTRICT JUDGE

Before the Court is Plaintiff Avery Cato's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Cato is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

## I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Cato's financial affidavit and determined Cato is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Cato's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).

1

Cato is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Cato's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Cato has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff

an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Cato complains that President Joseph Biden and "his campaign" are "stealing intellectual property that caused me to get very sick mentally and that led to obscene damages." Dkt. 1, at 1. She requests hundreds of billions of dollars in damages. *Id.* Cato also asserts that she has been civilly committed five times and requests the Court to subpoena her medical records. *Id.*, at 2.

None of Cato's allegations amounts to a violation of civil rights cognizable pursuant to 42 U.S.C. § 1983. The facts alleged in Cato's complaint do not support a colorable claim of a violation of her Constitutional rights. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Flowers v. Sutterfield*, No. 20-10988, 2022 WL 2821953, at *2 (5th Cir. July 20, 2022), *cert. denied*, 143 S. Ct. 1057 (2023). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory." *Id.*, at *2 (quoting *Berry v. Brady,* 192 F.3d 504, 507 (5th Cir. 1999)). Cato's claims suffer both maladies: the facts alleged are baseless, and she fails to put forth any meritorious legal theory.

Based on the foregoing, the undersigned finds that Cato's complaint lacks an arguable basis in law to support a claim for relief before this Court and recommends that her complaint be dismissed.

### III. ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Cato's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Court **DISMISS** Cato's complaint, Dkt. 1, **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). The referral of this case to the undersigned should now be canceled.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 18, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

4